UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3284 FMO (JEMx) | Date | **November 14, 2022** |
|---|---|---|---|
| Title | **Micquawan Warr v. United States of America, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause re: Proof(s) of Service

Micquawan Warr ("plaintiff") filed a Complaint against the United States of America ("United States"), the United States Postal Service ("USPS"), and Roberto Carlos Castano Jr. ("Castano") (collectively, "defendants") on May 13, 2022. (Dkt. 1, Complaint).[1] On August 18, 2022, plaintiff was ordered to file proof(s) of service demonstrating service of the summons and Complaint on defendants. (Dkt. 11, Court's Order of August 18, 2022). Plaintiff filed three proofs of service on August 29, 2022, indicating that service had been made on the United States, (see Dkt. 12, Proof of Service), the USPS, (see Dkt. 13, Proof of Service), and Castano. (See Dkt. 14, Proof of Service). As explained below, plaintiff's proofs of service are insufficient.

Plaintiff must serve the summons and complaint in accordance with the Federal Rules of Civil Procedure. Rule 4[2] provides that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

---

[1] Plaintiff filed a Notice of Errata, which included a corrected complaint, on May 16, 2022. (Dkt. 2, Notice of Errata).

[2] Unless otherwise specified, all "Rule" references shall be to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3284 FMO (JEMx) | Date | November 14, 2022 |
|---|---|---|---|
| Title | Micquawan Warr v. United States of America, et al. | | |

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Id. at 4(i)(1).

First, plaintiff failed to properly serve the United States because he did not "(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office[.]"  Id. at 4(i)(1)(A); (see, generally, Dkt.).  If plaintiff chooses to effect service on the United States by mail, plaintiff must send copies of the summons and complaint via registered or certified mail to the following addresses: (1) Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001; and (2) Civil Process Clerk, United States Attorney's Office, Central District of California, 300 North Los Angeles Street, Suite 7516, Los Angeles, California 90012.

Second, plaintiff failed to properly serve the USPS.  The proof of service indicates that plaintiff "served" copies of the summons and complaint "to Carol v. Weber, who is designated by law to accept service of process on behalf of Unit[]ed States Postal Service[.]"  (Dkt. 13, Proof of Service at 1).  However, the proof of service indicates that Weber was served via personal service at an address in Palmdale, California, (see id.), and not by "send[ing] a copy of [the documents] by registered or certified mail to" the USPS.  Fed. R. Civ. P. at 4(i)(2).

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Here, the court will order that service be made within a specified time, which provides plaintiff additional time to accomplish service and file a valid proof(s) of service with the court.  Plaintiff is admonished that failure to effect service in accordance with the applicable provisions of Rule 4(i) shall result in this action being dismissed without prejudice.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiff shall file valid proof(s) of service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-3284 FMO (JEMx)** | Date | **November 14, 2022** |
|---|---|---|---|
| Title | **Micquawan Warr v. United States of America, et al.** | | |

no later than **December 15, 2022**.[3]  Plaintiff is cautioned that failure to timely file valid proof(s) of service shall result in this action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court.  See Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | Initials of Preparer | gga |
|---|---|---|

---

[3]  No extensions of time will be granted, as this action has now been pending for six months, and no party has been served in compliance with the Federal Rules of Civil Procedure.