UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3284 FMO (JEMx) | Date | March 6, 2023 |
|----------|------------------------|------|----------------|
| Title | Micquawan Warr v. United States of America, et al. | | |

Present: The Honorable | Fernando M. Olguin, United States District Judge

| Gabriela Garcia | None Present |
|-----------------|--------------|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**       **(In Chambers) Order to Show Cause Re: Dismissal Re: Lack of Prosecution**

Plaintiff filed his complaint on May 13, 2022 (Dkt. 1).  On August 8, 2022, plaintiff was ordered to show cause, on or before August 16, 2022, why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure.[1]  (See Dkt. 9, Court's Order of August 8, 2022).  Plaintiff filed a declaration on August 15, 2022, indicating that service on defendants was completed or in the process of being completed.  (See Dkt. 10, Declaration of Kevin M. Davis [] at ¶¶ 2-4).  By order dated August 18, 2022, plaintiff was ordered to file valid proofs of service no later than August 31, 2022.  (Dkt. 11, Court's Order of August 18, 2022).  Plaintiff was admonished that "failure to timely file a valid proof(s) of service by the deadline set forth above shall result in this action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court" (Id.) (citing Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

On August 29, 2022, plaintiff filed proofs of service (Dkts. 12, 13, & 14), however, plaintiff failed to serve defendants in accordance with Rule 4(i), and the court ordered plaintiff to file valid proofs of service no later than December 15, 2022.  (Dkt. 15, Court's Order of November 14, 2022, at 2-3).  Plaintiff was again cautioned that "failure to timely file valid proof(s) of service shall result in this action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court."  (Id. at 3) (citing Fed. R. Civ. P. 4 & 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388).  Plaintiff filed new proofs of service on December 14, 2022.  (See Dkts. 16 & 17).  However, those proofs of service are also insufficient to demonstrate that service has been effected.  First, plaintiff failed to properly serve the United States.  (See Dkt. 16, Proof of Service, at ECF 51) (directing service to the Office of the Attorney General of California at 300 S. Spring Street, Suite 1700); Fed. R. Civ. P. 4(i)(1) (to serve the United States, a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing with the court clerk – or send

---

[1]  All further "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3284 FMO (JEMx) | Date | March 6, 2023 |
|---|---|---|---|
| Title | Micquawan Warr v. United States of America, et al. | | |

a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office).  Second, because plaintiff has not properly served the United States, he has not properly served either defendant United States Postal Service or defendant Roberto Carlos Castano Jr.  See Fed. R. Civ. P. 4(i)(2) ("To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.").  Accordingly, plaintiff has not filed proofs of service documenting valid service of the summons and complaint on any defendant.  (See, generally, Dkt.).

While the court finds that plaintiff has not complied with Rule 4, the court will nonetheless grant plaintiff one final opportunity to demonstrate that he has validly served defendants.[2]

Based on the foregoing, IT IS ORDERED THAT:

1.  No later than **March 20, 2023**, plaintiff shall file valid proofs of service reflecting service of process on defendants.  No further extensions will be granted or considered.

2.  Plaintiff is admonished that failure to file proofs of service by the deadline set forth above will result in the dismissal of the action and/or any unserved defendant.  See Fed. R. Civ. P. 4 & 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388.

3.  The Order to Show Cause Re: Dismissal Re:  Lack of Prosecution is hereby continued pending compliance with paragraph one above.

Initials of Preparer _____ gga

---

[2]  According to the Assistant United States Attorney, on January 19 and January 24, 2023, he discussed with plaintiff's counsel how to effect service.  (See Dkt. 22-1, Declaration of Zakariya K. Varshove at ¶ 8).